[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 24, 2009
THOMAS K. KAHN
CLERK

No. 08-13430
Non-Argument Calendar
_____

D. C. Docket No. 07-00418-CV-4-RH-WCS

FELTON N. WILLIAMS,

Plaintiff-Appellant,

versus

APALACHEE CENTER, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 24, 2009)

Before DUBINA, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Felton Williams, an African-American male, appeals the district

court's grant of defendant Apalachee Center, Inc.'s ("Apalachee") motion for summary judgment as to his complaint alleging retaliation, in violation of Title VII, 42 U.S.C. § 2000e-3(a), and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10(1)(a), (7) ("FCRA").[1] Williams argues that the district court erred in granting Apalachee's motion for summary judgment because he showed that he had suffered an adverse employment action and that Apalachee's proffered reasons for its actions were pretextual.

We review the district court's ruling on summary judgment *de novo*. *Rojas v. Florida*, 285 F.3d 1339, 1341 (11th Cir. 2002). The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." *Rojas*, 285 F.3d at 1341-42 (quotation omitted).

---

[1] Although Williams's complaint also included claims for race and gender discrimination, he does not challenge the district court's grant of summary judgment in favor of Apalachee as to these claims on appeal. Accordingly, we do not discuss these claims because Williams has abandoned these arguments by failing to raise them in his initial brief. *Rioux v. City of Atlanta, Ga.,* 520 F.3d 1269, 1274 n. 4 (11th Cir. 2008).

We typically apply legal standards developed in Title VII and FCRA cases interchangeably. *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998). Under Title VII, an employer may not retaliate against an employee because the employee "has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). "To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there was some causal relation between the two events." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (quotation omitted). "Once a plaintiff has established a prima facie case, the employer then has an opportunity to articulate a legitimate, non-retaliatory reason for the challenged employment action." *Id.* If the employer accomplishes this, the plaintiff bears the ultimate burden of proving by a preponderance of the evidence that the reason provided by the employer is a pretext for prohibited, retaliatory conduct. *Id.* Considering all of the evidence, we must ascertain whether the plaintiff has cast doubt on the defendant's proffered reasons sufficient to allow a reasonable factfinder to determine that the proffered reasons are not what actually motivated the

3

employer's conduct. *Silvera v. Orange County Sch. Bd.*, 244 F.3d 1253, 1258 (11th Cir. 2001).

In order to constitute an adverse employment action for purposes of establishing a *prima facie* case under Title VII's anti-retaliation provision, the action must be materially adverse from the standpoint of a reasonable employee, such that it would dissuade a reasonable employee from making a discrimination charge. *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57, 126 S. Ct. 2405, 2409, 165 L. Ed. 2d 345 (2006). Although we will look to the "totality of the alleged reprisals," we will "consider only those that are truly adverse." *Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1234 (11th Cir. 2006) (quotations omitted).

Viewing the facts in the light most favorable to Williams as the non-moving party, we hold that the district court did not err in granting summary judgment in favor of Apalachee because Williams failed to create a genuine issue of material fact regarding whether: (1) he suffered an adverse employment action, and (2) Apalachee's proffered reason for its actions was pretextual. Accordingly, we affirm the grant of summary judgment in favor of Apalachee.

**AFFIRMED.**